## RATTNER v. LEHMAN et al.

United States District Court
S. D. New York.

June 27, 1951.

Morris J. Levy, New York City, for plaintiff.

Sullivan & Cromwell, New York City (Eustace Seligman and Inzer B. Wyatt, New York City, of counsel), for defendants Lehman Brothers and Hertz.

Simpson Thacher & Bartlett, New York City, for Consolidated Vultee Aircraft Corp.

Roger S. Foster, General Counsel, and Myer Feldman, Washington, D. C., for Securities and Exchange Commission, amicus curiae.

S. H. KAUFMAN, District Judge.

Defendant John D. Hertz moves, and plaintiff cross moves, for summary judgment. Defendant Robert Lehman and other members of the partnership, Lehman Brothers, move for an order dismissing the complaint for failure to state a claim upon which relief can be granted.

This action is based upon Section 16(b) of the Securities Exchange Act of 1934,[1]

---

1. § 16(b): "For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security pur-chased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or

15 U.S.C.A. § 78p(b). The following facts are established by the pleadings and affidavits submitted therewith. At all material times the equity securities of defendant, Consolidated Vultee Aircraft Corporation, were registered on the New York Stock Exchange, and transactions in such securities were subject to the provisions of Section 16(b). Defendant John D. Hertz is now, and was at the time of the transactions here involved, a director of Consolidated Vultee and a member of a partnership doing business as Lehman Brothers, entitled to 5.3208% of the profits of said partnership. Within the period from about November 10, 1948 to April 7, 1949 (less than six months), the partnership, Lehman Brothers, in the regular course of its business and without the knowledge of Hertz, purchased and sold 5,000 shares of common stock of Consolidated Vultee and realized a profit of $15,159.75. When Hertz learned of these transactions, he paid to Consolidated Vultee the sum of $806.62, his share of the profits of the partnership. Plaintiff, a stockholder of Consolidated Vultee, pursuant to Section 16 (b) requested Consolidated Vultee, in a letter dated July 13, 1950, to institute an action against the other defendants to recover the entire profits realized by such defendants from the foregoing transactions. Consolidated Vultee advised plaintiff that Hertz had accounted for his share of such profits and refused to bring suit to recover the balance. Thereupon plaintiff, on March 30, 1951, brought this action, in behalf of Consolidated Vultee, to require defendant Hertz and the other partners of Lehman Brothers, jointly and severally, to pay over to Consolidated Vultee the balance of said profits.

The only question in this case is whether Section 16(b) requires a corporate fiduciary of a class designated in that section, or the partners of such a fiduciary, to account to the corporate issuer for profits realized by such partners in short-swing speculations in the equity securities of such issuer.

The statute plainly requires the fiduciary to account only for "any profit realized by him from any purchase and sale". There is no provision requiring the partners of the fiduciary to account for profits realized by them. Moreover, the legislative history of the statute shows that the omission of any provision for such liability was intentional. Provisions in early drafts of the statute "declaring unlawful the improper disclosure of confidential information regarding securities by directors, officers, or principal stockholders, and holding that any profit made by any person to whom such unlawful disclosure was made should inure to the corporate issuer, were deleted, presumably because the burden of proof made enforcement unfeasible." Smolowe v. Delendo Corporation, 2 Cir., 1943, 136 F.2d 231, 236, 148 A.L.R. 300, certiorari denied, 1943, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446.

Section 16(a) of the Securities Exchange Act,[2] 15 U.S.C.A. § 78p(a), requires the corporate fiduciaries referred to in Section 16(b) to file periodic reports of changes in their ownership of securities, registered on a national securities exchange, with the Commission and with the

---

the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."

**2.** § 16(a): "Every person who is directly or indirectly the beneficial owner of more than 10 per centum of any class of any equity security (other than an exempted security) which is registered on a national securities exchange, or who is a director or an officer of the issuer of such security, shall file, at the time of the registration of such security or with-

in ten days after he becomes such beneficial owner, director, or officer, a statement with the exchange (and a duplicate original thereof with the Commission) of the amount of all equity securities of such issuer of which he is the beneficial owner, and within ten days after the close of each calendar month thereafter, if there has been any change in such ownership during such month, shall file with the exchange a statement (and a duplicate original thereof with the Commission) indicating his ownership at the close of the calendar month and such changes in his ownership as have occurred during such calendar month."

exchange where such securities are registered. Under this provision the Commission has adopted Rule X–16A–3 [3], which permits a partner, at his option, to report only the amount of such securities which represents his proportionate interest in the partnership. In a brief filed by the Commission as *amicus curiae,* it is urged that Rule X–16A–3 should be accepted as an administrative interpretation of Section 16 (b), since it is predicated on the assumption that the Commission has no interest, under Section 16(a) and the related Section 16(b), in anything more than the partner's proportionate interest in the transactions regulated by Section 16(b). The Commission has indicated that it may in the future construe Section 16(b) to apply to all profits realized by the partnership, and has urged the court to rule in favor of the defendant in the present case in reliance upon Rule X–16A–3, and not to adopt a construction of Section 16(b) which may prevent the Commission from extending the application of Section 16(b) by subsequent rules and regulations. In view of the clear language and legislative history of the statute, there is no need to rely upon the administrative interpretation of Section 16(b), particularly since Rule X–16A–3 does not constitute a direct and unambiguous interpretation of that section.

Motion for summary judgment in favor of defendant John D. Hertz is granted.

Motion for summary judgment in favor of plaintiff is denied.

Motion to dismiss the complaint as against the members of the partnership, Lehman Brothers (except John D. Hertz), is granted.

The complaint is dismissed as against Consolidated Vultee Aircraft Corporation.

3. 17 Code Fed.Regs. § 240.16a3: "*Manner of reporting holdings and changes in ownership under § 240.16a–1.*

\* \* \* \* \* \*

(b) A partner who is required under § 240.16a–1 to report in respect of any equity security owned by the partnership may include in his report the entire amount of such equity security owned by the partnership and state that he has

an interest in such equity security by reason of his membership in the partnership, without disclosing the extent of such interest; or such partner may file a report only as to that amount of such equity security which represents his proportionate interest in the partnership, indicating that the report covers only such interest.