RATTNER et al. v. LEHMAN et al.

No. 112, Docket 22170.

United States Court of Appeals Second Circuit.

Argued Dec. 5, 1951.

Decided Jan. 10, 1952.

Morris J. Levy, New York City, for appellant.

Sullivan & Cromwell, New York City (Eustace Seligman and Inzer B. Wyatt, New York City, of counsel), for appellees.

Roger S. Foster, Gen. Counsel and Myer Feldman, Securities and Exchange Commission, Washington, D. C., amicus curiae.

Before SWAN, Chief Judge, and L. HAND and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Chief Judge.

Between November 1948 and April 1949, Lehman Brothers, a partnership, purchased and sold 5,000 shares of the common stock of Consolidated Vultee Aircraft Corporation, whose stock was duly registered on the New York Stock Exchange. From such "short swing" transactions the partnership realized a profit of some $15,000. One of the partners, John D. Hertz, was a director of the Aircraft Corporation. His share of the partnership's profits from the said transactions was $806.62, and this sum he paid to the Aircraft Corporation when informed of them. The corporation having refused to bring suit against Lehman Brothers, a stockholder commenced the present action on its behalf pursuant to section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b). After defendant Hertz had answered the complaint, he moved for summary judgment under Rule 56, F.R.C.P. 28 U.S.C.A. The other defendants moved under Rule 12(b) to dismiss the complaint for failure to state a claim upon which relief can be granted. The plaintiff countered with a cross-motion for summary judgment. The plaintiff's motion was denied and the defendants' motions were granted, the court's opinion being reported in 98 F.Supp. 1009. From the resulting judgment the plaintiff has appealed.

This appeal presents questions of novel impression. The first question concerns the extent of the liability of John D. Hertz, the partner who was a director of the Aircraft corporation. Specifically the question is whether he must account for more than his own share of the firm's profits. The district court correctly answered this question in the negative. The statute gives the corporation whose stock is purchased and sold in short swing transactions the right to recover from the director "any profit realized by him."[1] There are no circumstances indicating that Mr. Hertz "realized" anything other than his proportionate share of the firm's profits. Both sides appear to assume, as do we, that the purchases and sales of Vultee Aircraft stock were made without the knowledge of Mr. Hertz. Hence under a literal reading of the statute he cannot be held liable for profits "realized" by the other partners from the firm's short swing transactions. Whether the result might be different had he caused the firm to make them, we need not now determine. The conclusion that he must account for only his proportionate share of the

1. Section 16(b) provides: "For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer * * * shall inure to and be recoverable by the issuer * * *."

firm's profits finds further support in Rule X–16A–3(b) of the Securities and Exchange Commission which permits a partner to file a report "only as to that amount of such equity security which represents his proportionate interest in the partnership." [2]

■ The second question concerns the liability of partners other than Mr. Hertz. None of them was the beneficial owner of more than 10 per cent. of the issuing corporation's stock or a director or an officer of the issuer.[3] Section 16(b) contains no provision requiring the partners of a director to account for profits realized by them. The appellant argues that to construe the section so literally as to exclude them leaves a dangerous loophole in the statute. But the legislative history indicates that the omission of any provision for such liability was intentional. As the district court points out in its opinion, a provision in early drafts of the Act made liable any person who acted on confidential information disclosed by a director, but such provision was eliminated from the statute as finally enacted.

■ The Securities and Exchange Commission in its brief as *amicus* concedes that the judgment is correct but argues that the decision should rest not upon a literal interpretation of section 16(b) but upon the ground that Rule X–16A–3(b) has exempted the transactions in which the firm engaged. The Commission may exempt "transactions"; [4] but it cannot reduce the liability imposed by section 16(b). Hence if the statute made the partners jointly and severally liable for all the firm's profits from its short swing transactions, the Commission could not let off Director Hertz for all but his proportionate share as a partner. Nor could it give immunity to the other partners unless it has exempted the transactions in which they engaged. The "transactions" to which the section and the Rule relate are changes in ownership of equity securities owned by a partnership. The Rule gives a partner the option to report the entire amount of the corporate stock owned by the partnership or that amount which represents his proportionate interest. The change in ownership, that is, the purchase or sale of stock, is not exempted from the section by the Rule; if it were, Mr. Hertz would not have to account even for his proportionate share of the firm's profit. Hence we do not see how the Rule can be interpreted to "exempt" the firm's short swing "transactions."

Judgment affirmed.

L. HAND, Circuit Judge (concurring).

The complaint alleged that Hertz "advised and caused the defendant Lehman Brothers to purchase and sell 5000 shares of Vultee's common stock." Hertz denied this in his affidavit and the plaintiff has not stated any reason for doubting the truth of the denial; nor does he ask for a trial on the issue. Therefore, I think we may dispose of the appeal on the assumption that Lehman Brothers bought and sold the shares without any advice or concurrence by Hertz; and the only question is whether partners are liable for whatever profits the firm may make, whenever one of their members is a director, and only because he is a

---

2. "Rule X–16A–3. Manner of Reporting Holdings and Changes in Ownership Under Rule X–16A–1.

\* \* \* \* \*

"(b) A partner who is required under rule X–16A–1 to report in respect of any equity security owned by the partnership may include in his report the entire amount of such equity security owned by the partnership and state that he has an interest in such equity security by reason of his membership in the partnership, without disclosing the extent of such interest; or such partner may file a report only as to that amount of such equity security which represents his proportionate interest in the partnership, indicating that the report covers only such interest."

3. See section 16(a), 15 U.S.C.A. § 78p(a).

4. The last sentence of section 16(b) reads as follows: "This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."

director. I agree that § 16(b) does not go so far; but I wish to say nothing as to whether, if a firm deputed a partner to represent its interests as a director on the board, the other partners would not be liable. True, they would not even then be formally "directors"; but I am not prepared to say that they could not be so considered; for some purposes the common law does treat a firm as a jural person. The provision eliminated from the earlier drafts of the Act does not seem to me to throw any light at all on such a situation as that.